IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ray Edward Chestnut, | ) | C/A No.: 1:25-9172-CMC-SVH |
|              Petitioner, | ) | |
| vs. | ) | REPORT AND |
| Warden Terri Wallace, | ) | RECOMMENDATION |
|              Respondent. | ) | |

Ray Edward Chestnut ("Petitioner"), proceeding in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition.

I.   Procedural and Factual Background

Petitioner is incarcerated in the custody of the South Carolina Department of Corrections ("SCDC"). [ECF No. 8]. Petitioner argues SCDC is improperly calculating his sentence by: (1) failure to apply good time credits for time-served to include time spent on GPS monitoring and (2) failure to properly calculate "65 percent towards 25 year sentence for trafficking fentanyl 4 to 14 grams." *Id.* at 6.

Plaintiff indicates he was sentenced on July 15, 2025, and this case was received by this court on August 11, 2025. *Id.* He alleges he has not exhausted this issue through SCDC's administrative remedies due to "prison authorities' failure to make the administrative remedy forms available for petitioner to file his grievance(s)." *Id.* at 2.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Petitioner's habeas petition is subject to summary dismissal as premature because he has failed to exhaust his state court remedies. To exhaust state court remedies when attacking the execution of a sentence, a petitioner must follow the procedure set out in *Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000). *See Slezak v. S.C. Dep't of Corrs.*, 605 S.E.2d 506, 507 (S.C. 2004). Generally, the South Carolina Supreme Court has identified a state prisoner's sentence calculation claim as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court ("SCALC"). *See Brown v. Warden of Kirkland Corr. Inst.*, C/A No. 4:18-cv-00369-HMH-TER, 2018 WL 4211999, at *3 (D.S.C. Aug. 15, 2018) (citing *Al-Shabazz*, 527 S.E.2d at 742), *Report and Recommendation adopted by* 2018 WL 4205477 (D.S.C. Sept. 4, 2018). Under the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate dissatisfied with a decision by the

SCALC may seek judicial review in the South Carolina Court of Appeals (with appeal of an undesirable Court of Appeals decision to the South Carolina Supreme Court). *Id.* (internal citations omitted). In light of the foregoing, under *Al-Shabazz*, a petitioner must exhaust his administrative remedies through the SCDC grievance process, the SCALC, and the South Carolina appellate courts before he brings a petition for federal habeas review of his sentence calculation. *Id.* (citing *Al-Shabazz*, 527 S.E.3d at 752–57; 28 U.S.C. § 2254(b)(1)(A)).

Here, although Petitioner appears to be arguing SCDC's administrative remedy process is unavailable to him, he has failed to exhaust his state-law remedies through the SCALC and South Carolina appellate court system. His petition is therefore subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss this petition.

IT IS SO RECOMMENDED.

August 13, 2025                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).